Case number 3, 10-0513, consolidated with 310-514, 310-515, 310-546, and 310-550. People of the state of Illinois, Helen, by Ms. Cunningham-Griffin, excuse me, will argue for 15 minutes initially. And Mr. James Blascoe, who will argue for five minutes on rebuttal, versus Drew Peterson, athlete by Mr. Steven Greenberg. Mr. Greenberg, you may proceed. May it please the court. This is a state interlocutory appeal from three separate rulings that were made by the trial judge below. Each of which effectively suppressed evidence that the state sought to introduce at the trial of Drew Peterson for the murder of his third wife, Kathleen Savio. The first issue involves hearsay statements that the state asked the trial court to allow in under the common law doctrine of forfeiture by wrongdoing. And under federal rule of evidence 804-B6. Specifically, the state sought introduction of 11 statements that had been made by Kathleen Savio prior to her death. And three statements that had been made by Stacey Peterson, the defendant's fourth wife, who went missing in October of 2007, and who remains missing to this day. Initially, the state asked that the trial judge allow these statements in under the statute hearsay exception for intentional murder of a witness, which was enacted in October of 2008. That prayer for relief also requested that the court consider it under the common law doctrine of forfeiture by wrongdoing. Did the court consider it under the common law? The court did not. In its written ruling, the court made rulings as to the statute, but said nothing about the common law doctrine. Did you motion to reconsider that ruling? We motioned for the trial court to reconsider that ruling after the Illinois Supreme Court came down with its decision in Peoples versus Hanson where they more clearly defined the common law doctrine. But you didn't by June 17th, did you? No. Sometime after the trial judge made his written ruling, the defense did ask for clarification as to whether the trial judge was ruling as to the common law doctrine. And he stated he had not because he had ruled under the statute and therefore basically was precluded from ruling under the common law doctrine. But you still could have ruled for, moved for reconsideration because you requested that ruling. Yes, but because the common law doctrine had not been clearly defined, we did seek relief initially under the statute because that set forth specific criteria that the trial judge could look at in considering the statements. But you asked the court to consider it under the common law doctrine as well. Correct, because the statute does provide that the common law doctrine is still in effect. However, because the common law doctrine had not been defined and there were many questions that were left open, there was really nothing to present to the judge as far as criteria for making a determination under the common law. But the common law doctrine did apply to testimonial statements, didn't it? I- Pre-Hanson? Under Stackley, yes. But they had not decided whether a reliability determination need be made and basically just had determined that the common law doctrine did in fact exist, but they had not clearly defined. But some of these statements were testimonial, and the law was clear that alleged wrongdoing would allow those statements to come in. Some of the statements were testimonial, yes. But you didn't motion to reconsider to ask the court to consider even those specific statements? The statements I believe that the trial judge precluded were not testimonial statements. How about the excluded ones? That's the ones you're concerned with. Correct, but the common law doctrine had not been clearly defined as to those statements. And when the trial judge made his determination as to those statements that were precluded, he did so under the statutory criteria of them not being reliable as to time, content, and circumstances of the statement. And it was unclear at that time if the common law would have allowed them in without the reliability determination, because that was left open in Illinois. But he excluded things because of the reliability factor, did he not? Correct, that was the only basis for excluding the statements that he excluded. He also indicated that he thought once a statute was passed, that had priority, is that correct? Correct. And that's, I'm sorry, go ahead. How does that fare with the new code of evidence that became effective January 1st of this year? Which indicates in 101 that the rules govern, these rules govern, now I'm talking about the Illinois Code of Evidence adopted by the Supreme Court back in September, effective January 1st of this year, these rules govern proceedings in the courts of Illinois and to the extent and with exceptions stated in Rule 1101. And then it further indicates that a statutory rule of evidence is effective unless a conflict with a rule or decision of the Illinois Supreme Court. Well, he ruled that the statute would override the common law, yet this appears to be contrary to 101. And that's what we're presenting before this court. The trial judge should have considered the statements under the common law doctrine, which did not require a finding of reliability. And because the trial judge had made every finding necessary for procure the unavailability of each of these witnesses, and did so with the intent to make them unavailable, he should have allowed them under the common law doctrine. These rules specifically find by inference that the statute did not trump the common law and that the Illinois rules of evidence which mirror the federal rules, which codify forfeiture by wrongdoing, trump the statute. And there is no reliability determination that need be made anymore. Well, just because a statement is admissible under the doctrine, doesn't mean the judge has to admit it, does it? Correct, basically the trial judge in this state found that they were precluded as hearsay. And that's the finding that were challenging. Certainly the defendant can wage any reliability or any other objections he has to any of these statements prior to trial. This is just based solely on whether they should be precluded as hearsay. And they shouldn't be under the common law doctrine. So you're asking to send it back basically and have the judge exercise his discretion using the appropriate standard. I don't believe, I believe that this court can reverse and find that they are not precluded under the hearsay doctrine and can be allowed under the limited common law doctrine of forfeiture by wrongdoing. Because again, the trial judge did make every ruling in the state's favor that's necessary for admission under that doctrine. But then there are other considerations on admissibility. We can't order the trial judge to admit this evidence. And no, we're not asking that you order that it be admitted or that it be sent back. And the trial judge ruling that it's precluded overruled, but the defendant is free upon remit to make any challenge to the evidence that is available. To him. As I understand what you're arguing in, as to the first issue, is that the trial judge in this case made the necessary findings under People v. Hansen to allow forfeiture by wrongdoing as far as its potential admissibility. But has not ruled on other, perhaps, objections to the evidence in the actual trial. Correct. We're not called upon to rule that this has to be admitted. No, certainly not. And the trial judge made that perfectly clear. Whether or not, as to the first issue, it fits within the doctrine as expressed by the Supreme Court most recently in the Hansen case. Exactly. And the trial judge made perfectly clear, even when he was ruling under the statute, that any other objections that were available to the defendant prior to trial or at trial would certainly be considered by the trial judge.  No, your honor. First of all, of course, there's the fact that this court did, in fact, allow the late notice of appeal to be filed. But a court can review its jurisdiction at any time. Of course. It's also the state's position, though, that because of the People versus Hansen, that the timing of the motion to reconsider falls within the exception to the 30 day rule for filing. What does that exception require? That exception requires that the exact wording is that new facts be presented to the trial court, which could not, with due diligence, have been presented before. Is the material change in the laws what you're arguing is the change in fact? I believe in this case that this court should consider the change in law to be a material change in facts. Especially considering the fact that a change in the law is always something that a trial judge should consider in a motion for reconsideration. And this was such a different scenario. The law was changed to the extent that it was clarified by the court in People versus Hansen. Is that a change? It's a change, yes, it's a change in what could have been presented to the trial judge in arguing for admissibility of these statements. Again- But you didn't file a timely motion to reconsider it regarding the exclusion of testimonials statements. Which, what do you see was the state of the law, arguably, of the common law before the Hansen ruling? It was entirely unclear. And I believe that, based on the trial judge's ruling, Hansen, for the first time, said that the common law doctrine was an exception to the hearsay rule. For the first time said it was, that reliability was not necessary. So before Hansen, there really wasn't a clear understanding of what the common law doctrine was. What about Steffling? Steckley had merely set forth that, in fact, the doctrine did exist. And I believe, Reliability was never discussed in Steckley. And they did talk about the intent requirement in Steckley. But I don't believe that they went any further than that in defining the common law. I'm confused about a couple of things in the record. If there are eight or seven statements that you're concerned about. Because it appears you withdrew the statement made by Stacey to the card reader or whatever. Yes, it was originally four statements that were sought to be introduced. And you withdrew that one, right? The state withdrew one of the statements made by Stacey. So it's seven statements that you're talking about. There's two statements of Stacey Peterson that were not allowed into evidence. And I believe it was seven statements of Kathleen Savio that the court did not allow into evidence. Some that were made to her sister, to friends of hers. It's unclear on the record, what was the judge's rationale to say that the statute overcame the common law? The trial judge never really gave an explanation as to why he believed that the statute trumped the common law. When he was asked whether he had ruled on the common law, he basically just said if the common law is codified, the codification is what rules. I cannot fall back on forfeiture by wrongdoing because we have a statute now. So he never really gave a clear indication of why he believed the statute trumped the common law and why he believed it could not be considered once the common law was more clearly defined in People v. Hansen. But for Hansen, we wouldn't be here, is that what's your position? We did not file a motion to reconsider before Hansen was decided. And you agree, okay, that that would have been an untimely appeal if he tried to? I believe at that point, because the trial judge had not made any specific rulings besides for finding that they were inadmissible based on time content, that it would have been an abuse of discretion standard, which. And once, now that the argument is that the trial judge was wrong in not considering the law as it came down in People v. Hansen. Because you still maintain you didn't know what the common law doctrine was. Correct, it had not been. And you asked in January for the judge to rule on that basis as well as a statute. Because it was clear that the common law existed in Illinois, but it couldn't be expressed as to what standards the trial judge would have to follow in order to find admissibility under the common law because they had not yet been set forth in Illinois. Do you have a few minutes? Thank you. Even under the right of confrontation argument by a defendant. I'm sorry? Even under right of confrontation, Sixth Amendment argument by the defendant, that we didn't know what the common law was? We didn't know what criteria, given the state of the law in other states where some required a reliability determination. Some states said that it was not a hearsay exception. Some courts found that intent need not be shown. So in Illinois had not yet said anything about these particular issues. So it was not clear what Illinois would actually require for the doctrine before People v. Hansen. And once the court was presented with People v. Hansen, he should have followed that law. And again, the statute did not preclude application of the common law, and the trial judge should have considered these statements of admissibility under the common law. On the other crimes evidence, and the evidence with regard to the proposed expert testimony dealing with the divorce case, that's an abuse of discretion standard, and that's a heavy standard to a standard of review, isn't it, is it not? Yes, but I believe in this case, when you read the transcripts of the hearings on the admissibility of these statements, the abuse of discretion is shown in this case by the fact that the trial judge did not give full consideration to the appropriate factors it should have in making its determination. I believe that that's where the abuse of discretion exists. The trial judge was pointed out specific factors like similarities in acts for the other crimes evidence. And every time the prosecutor tried to argue that, the trial judge simply cut them off and referred back to the fact that, with regard to the other crimes evidence, that it was too remote in time. And People v. Illion specifically states that that admissibility of other crimes evidence cannot be controlled solely by that factor. And that's exactly what the trial judge did in this case. So I believe the abuse of discretion is shown by the fact that he did not consider what the appropriate factors that he should have in making that determination. Well, a recent Supreme Court case, I think back in November, further clarified it. But it was the same statute the judge was following, correct? Correct. And the judge considered, and remoteness is one of the statutory factors. It is one of the statutory factors, but it's not the only one that should be considered. In this case, it was the only one that the trial judge considered. You know, the standard on one of the definitions of abuse of discretion, it occurs when the circuit court's ruling, the trial court's ruling, is arbitrary, fanciful, unreasonable, and where no reasonable person can take the view adopted by the court. But discretion still has to be according to the legal standards. And the legal standards regarding other crimes evidence is that the trial judge is supposed to weigh the probative value against the prejudicial effect, and the trial judge just simply did not do that in this case. He ruled that it was too remote in time, and that regarding the statements of Victoria Connelly, the trial judge stated, it's a different victim, and people versus dabs. That case dealt with a different victim than the one for the prosecution that the defendant was then on trial for. So the trial judge in this case simply focused on that aspect and refused to consider anything else. And I- As to the last issue, courts normally don't allow experts to take the stand and say what a judge might do on a case, isn't that pure speculation or conjecture? Not in this case, your honor, and because the ten separate orders that Ms. Panos had suggested that the trial judge would have done at the financial hearing were set forth in terms of possibilities and probabilities. Her report is in the separate appendix, and if you look at the actual findings that she made, she didn't make findings like, the trial judge would have given Kathleen Savio $3,000 a month for 30 months. The orders that she believed the trial judge made were more general and more set forth in terms of possibilities and probabilities. And an expert can always give an opinion as to possibilities and probabilities, especially when it would aid the jury in understanding an issue in the case that they might not otherwise understand. What about the law that indicates that experts may not testify as to statutory interpretation or legal conclusions? I believe the only statute that she referred to in her order would have been the child support issue, but the trial judge believed that- But she wouldn't be referring to the whole divorce statute, right, the domestic relations law? But again, in terms of- Division of property, pensions? Of possibilities, yes. But again, her proposed orders that she believed the trial judge would make were more general and more set forth in terms of possibilities and probabilities. Again, for example, Kathleen Savio was a candidate for reviewable and rehabilitative maintenance in an amount commensurate with the standard of living established by the parties during the course of the marriage. It didn't really refer to the particular statute, but again, would have aided the jury in understanding something that they might not otherwise understand. Well, the issue would go to the defendant's motive or intent, and this is not a legal malpractice case. Correct. So, I mean, arguably what the defendant knew about the circumstances of a future trial might be very relevant, but that's not what she's testifying about, is it? No, part of the- I mean, the judge has allowed some things to be in evidence and to be testified, that she can testify about what's at issue in the divorce case, correct? Correct. And the judge said that was allowed? Just to the extent of her testifying about the child support issue, I believe. The transcript would suggest she can talk about the statute. Correct. Okay. As to the child support, I believe is what the trial judge said, because it was a firmly set statutory, whatever it is, 33%, and that could be testified to, and I believe the trial judge said that could be testified to by any attorney. But I believe that- But, of course, that's not a fixed- that may be a percentage, but you can- a trial court can go up or down based on other findings. Correct. So, in effect, that's really speculative, too. It would be speculative if she had set forth the specific amounts, but I believe because her orders- her proposed orders that she believed the trial judge would have made were made in terms of possibilities and probabilities, that it was not speculative. And, again, I think it would have aided the jury in this case in understanding what was potentially at stake at the financial hearing, and thus would have aided the jury in understanding the motive in this case. Well, I mean, the transcript just- I have the following- Justice Holbrook's comment was the court- you can call any lawyer you want to bring in the statute if you want to. That's the law. That's the law. That's something that the judge would do. She's not going to testify that a judge would order it. Right. He was referring to the- that you could say that the child support statute required this amount, I believe, is what the trial judge was referring to in this case. Well, then he goes on and says specifically about child support, but you don't think it's broader than that. My reading of his statements was that he was referring to the child support issue. And not the statute- the IMDMA at all. That was my reading of it, yes. There's no further questions? Thank you. Good afternoon, Your Honors. What we've got here is we've got an attempt by the state to go back. They wrote the rules in this case. They said we're going to write a statute for this case. They said we're going to write a statute because we went- we watched arguments before the U.S. Supreme Court in Giles v. California. And based on that, we think we need this statute to get these statements in. And a long hearing, a long, long hearing, probably the longest pretrial hearing that I've certainly ever heard of in the state of Illinois. The judge heard from scores of witnesses, made his rulings. And, in fact, we then came in on a motion and said, Judge, what about under these other aspects that they asked for, the common law and so forth? The state said nothing about it. The judge said I've ruled under the statute. The statute governs, in my view, because they wrote the statute. Fine. Orders entered. More than 30 days later, they come in and they say Hansen changed the landscape, which it didn't. In fact, I watched the Hansen arguments on the web recently. I reviewed the briefs. And the lawyer in Hansen conceded that reliability has been a factor that the judge does not have to decide additional indications of reliability, additional reliability. The judge doesn't have to decide under common law forfeiture by wrongdoing. And that's been the law for a long time. So you understood when this motion was styled back in January by the state that there were two bases that they wanted these statements reviewed as to their admissibility. Yes. The statute, which has a reliability assessment. Right. And the common law. Right. And you're saying you understood clearly the common law at that time did not have a reliability requirement. Common law didn't have an additional indicia of reliability requirement. Reliability is always an issue under due process. And some of these statements, I know we included the Miss Lagos statement. She's the tarot card reader who says that the cards vibrate and that's how she knows what she was being told. So they withdrew that, didn't they? But they tried to put it in. And if you take. . . Well, for our purposes it's withdrawn. Right, right. But if you take the argument that reliability, no reliability is ever at issue, and the judge even as a threshold matter of due process should not consider reliability, then once there's a finding of forfeiture by wrongdoing and you've waived a confrontation right, anything the state wants to put in, the judge has abandoned his gatekeeper function. That's what they're asking. Let's just talk about the standard here. I mean the trial judge clearly said that he could not review this under the common law or consider the admissibility of this evidence under the common law because there was a statute. That's what Judge White said, correct? Right. That was wrong, wasn't it? I don't think that is wrong. They wrote a statute in this case. Well, doesn't the statute clearly say that this doesn't preclude? Even the statute on its face says that it doesn't preclude some admission of evidence through the common law. The statute's frivolous, and I'll tell you why they had to write the statute. They had to write the statute because the U.S. Supreme Court in Giles v. California said that murder victim hearsay is not admissible. That's what they said in that case because they didn't want a judge to determine, and I'll read you the quote, the notion that judges may strip the defendant of a right that the Constitution deems essential to a fair trial on the basis of a prior judicial assessment that the defendant is guilty as charged does not sit well to the right of trial by jury. Johnson's case about the person being accused of murdering the very person they're tried for murder for. Right. In this case, in the forfeiture by wrongdoing, we're dealing with the judge's finding that the person was murdered and kept from testifying in a divorce case as to one person and as to the other person, possibly either the murder trial of the first person or the divorce case, and so we're not talking about the same thing that Giles is talking about, are we? Well, we are to this extent because the state is seeking to admit evidence in this case that makes it easier for them to prove the murder. And the act, the very act that caused the witness's absence is what he's on trial for. And the U.S. Supreme Court has said that a judge shouldn't be determining as a threshold matter that the defendant might be or is likely guilty of the very offense that he's on trial for in order to allow in additional evidence to prove that he's on trial for that offense. And, Justin, if I'm wrong, isn't Giles about a case where he was accused of murder and the forfeiture by wrongdoing in California they attempted to put in was that the, it's the same murder. He was murdered not testifying in his murder case. Giles was in a situation where he murdered his girlfriend and he claimed self-defense, which is far different than this case, and the evidence was brought in to try and rebut that. But what Justice Ginsburg said in her concurrence, joined by Justice Souter and Giles, was if a victim's prior statement were admissible solely because the defendant kept the witness out of court by committing homicide, admissibility of the victim's statement to prove guilt would turn on finding the defendant guilty of the homicidal act causing the accidents. Evidence that the defendant killed would come in because the defendant probably killed. And that's what they're doing here. That's why they wrote the statute. But I'm not asking you about the statute. I'm asking you about the common law doctrine. And the prosecutor didn't write the common law. The prosecutor didn't write the common law. But there's no case where, under the common law, somebody was allowed to come in through the forfeiture by the wrongdoer, the witness, the victim. Not a witness, even. The victim was allowed to, as people have said, speak from the grave. There's just no case where that's been done. Giles was the closest it came. Hanson, where they did it at Lynch. Yeah, what about Hanson? I'm going to tell you. In Hanson, I spoke to the lawyer the other day, and he was quite open and honest. He said he's looking for someone to file a post-conviction petition for Mr. Hanson. He didn't raise Giles. He didn't raise it, not in his brief, not in his argument. Never came up, never argued to the court, even though that case was decided after the trial and before him. There's an old Supreme Court case from 1998, People v. Stephen Manning. And in the Manning case, the victim told his wife, I'm going to meet with Manning. If I don't come back, call this FBI agent and tell the FBI agent that Manning killed me. Guy gets killed. The state confessed error. If you think about it, forfeiture by wrongdoing is a waiver of the confrontation right. If Kathleen Savio was available to testify in this case, would any of this evidence come in? No, it wouldn't come in because there wouldn't be this crime. It's circular reasoning to allow it in. Well, it's certainly circular reasoning if it's in Giles, where they said you killed somebody to stop them from testifying at your murder trial, which obviously doesn't make any sense. But in this case, the court found that Peterson more reasonable under the probable cause standard or the lower standard found that the client killed Savio not to stop her from testifying in a murder trial, but to stop her from testifying in a divorce hearing. And under the common law, that scenario works. Well, I'm not aware of a case where forfeiture applies in a civil context. But the judge still made the finding that he was more likely guilty than not of the murder in order to allow in more evidence in the murder. So it's still offensive to what the court said in Giles. Because in order for him to make the decision, he had to find that Mr. Peterson likely committed the crime for which he's on trial in order to allow them to bring in additional evidence to prove that. Well, that logic, which has some facial merit, clearly would, if you follow that, the rule of forfeiture by wrongdoing, which has been part of the common law of this country for a long, long time, is gone, wouldn't it be? No, not at all. And I can give you a scenario. Let's say that Ms. Savio was the complaining witness in a domestic violence case. And Mr. Peterson, someone finds he killed her so she wouldn't testify in the domestic violence case. He has forfeited his right to confront that testimony in the domestic violence case. But he has not forfeited his right to confront her in the murder case because that requires the judge to find that he's likely guilty of the very crime that he's on trial for. What if Mr. Peterson wanted a bench trial? What if he wanted the judge to decide it? And the judge has made this finding. What does that do? And why is the judge making that finding? As the U.S. Supreme Court has said recently, and they've been very strong on this through the cases Crawford, Giles, Melendez-Diaz, we don't want to infringe on what a jury finds. We don't want to. Under Crawford, under the Confrontation Clause, forfeiture by wrongdoing is not impacted because of confrontation. Well, in Crawford, one of the things that the court said was we don't like rulings which dispense with the jury trial because the defendant is obviously guilty. Isn't that the case that confrontation is not a problem for anybody if there's forfeiture by wrongdoing? Because there it's an equitable doctrine that you're not going to be stopped from putting that evidence on. But the purpose of forfeiture by wrongdoing is not – you're waiving your confrontation right by your wrongdoing. There's no dispute about that. But you can't waive your confrontation right for a crime that hasn't occurred or for a future crime. You can't do that. And a judge – there's no cases where the judge decides that you're likely guilty of the crime that the state wants to present the evidence. Here's another reason why there's a problem, why you can't normally do that. The Fifth Amendment. If I have a motion to suppress and I present a motion to suppress statements or quash arrest, my client, the defendant, can testify and he's got judicially protected rights. They cannot take what he says and bring it into court and use it against him. How is someone supposed to defend against forfeiture by wrongdoing when the allegations involve the very crime for which he's on trial? He has no protection. He would have to properly defend himself in this case, give up another constitutional right. And no court has ever said that in order to preserve one constitutional right, that being the right to confrontation, you have to give up another. Well, how is that argument any less true in the domestic violence cases you talk about? Because in the domestic violence case, he's not on trial for the murder. And the judge in that case is not deciding that he committed the crime for which he's going to be on trial. That's the difference. Here you've got a single proceeding. You've got a single proceeding. Person kills – someone's going to testify against you in a drug case.  You've forfeited your right to confront that witness. And they can present what that witness says. You haven't forfeited your rights in other cases. There's no case that says that you forfeit, that if there's forfeiture by wrongdoing in one case, it's just everything down the road. There's a reason why the state wrote this statute. There's a reason why they wrote this statute. They wrote this statute because, as Mr. Glasgow said very clearly in the trial court, they went, they watched Giles, they understood that Giles was a problem. They understood it was a problem for them. They know it's a problem for them, so they went out and they wrote a statute trying to get around it. Giles has a specific attempt. The statute doesn't have a specific attempt. But you can't just bring her in. Again, if you think about the example I gave, if there was no forfeiture and she was available to testify, would she be able to testify to these things in a murder case? No, because you wouldn't have the murder case. So you can't, by forfeiture, by wrongdoing, you don't open the door to all sorts of evidence that otherwise would never exist or never be admissible. You're saying Hansen's wrongly decided. I am saying. Giles was a decision from 2008. Right. For the United States Supreme Court. Yes. Hansen from our court is June of 2010. Yes. And you're saying they wrongly decided because they clearly, it clearly goes against what you're arguing to this court. I am saying that Hansen was wrongly decided. Yes. Hansen was wrongly decided. They didn't raise Giles in the trial court because it hadn't been there yet. They didn't raise it in the Supreme Court. The Supreme Court doesn't speak about it. They didn't have it. They don't mention it in their opinion at all. And if you go and you look at it, it is a different situation. If you look at it under Giles. In Hansen, the court held that by killing victim, defendant forfeited right to cross-examine victim regarding statement she previously made, this is the dead person. Right. To defendant's sister that defendant threatened to kill the victim if she told their father about the defendant taking the credit. Right. And so what you're saying is we're not supposed to follow Hansen from our Supreme Court because it was wrongly decided. I'm saying that Hansen is wrongly decided. And I'm also saying that the situation there is different. If you look at many of the statements they now want to admit here, where she says, she says, if anything happens to me, Drew did it. That's a very different kind of statement. That's a statement by her of some prediction of the future. How many people are getting divorced and say, if something happens to me, you know, it's the spouse who probably did it. And now they're letting that in. Hansen was factually distinguishable also. He didn't raise these arguments. How many spouses are murdered? I mean, it doesn't come up very often. It doesn't come in very often. Mr. Greenberg, this is all well and good. On June 30th, the state filed a motion to admit hearsay statements in the common law doctrine of forfeiture. Yes. What was your response? We argued that it was untimely and filed a motion saying it was untimely, which the judge denied. The state said that it was a change in the facts. For some reason, saying the word facts and law are the same word or synonymous somehow, which is not what the law is here. Would you want to address that further in your oral argument? Sure. Their motion was clearly untimely. It was days before trial. They came in because Hansen had come down, and they asked the judge, and if you recall, they stood silent when we asked the judge, which was more than 30 days before that, to clarify his ruling. That was 10 days after the ruling. You're asking for clarification. Right. And the state stood silent and didn't say we wanted anything under the common law. They came in, and they said the law has changed. They were wrong. The law has not changed. The law has been the same on forfeiture, as far as reliability goes, for a long, long time. Is a change in law the same as a material change in facts under the Taylor rule? Not that I'm aware of. I've never, not under the Taylor rule. Change in facts is that things change, and the court didn't have all the evidence, and it possibly made the wrong ruling based on newly discovered evidence. Now, here they're claiming it's newly discovered law, but it's not newly discovered law. And it wasn't a change in the law. If it was a substantial change in the law, I think a court always has the duty to correct its rulings, and the court always has the opportunity to correct their rulings. But here, it wasn't a change in the law at all. As I said, this was something that the lawyers on Hanson, the reliability aspect, they can see it. But it's still a due process issue, Judge. It's still a due process issue. The judge found, and under the statute, which does not require additional indicia, he found that the evidence wasn't reliable. So that's the ruling. And as Your Honors have said, you can exclude evidence for a whole myriad of reasons. And that was one of the reasons he gave, that it wasn't reliable. Well, one of the time, these were rulings on motions, a motion or motions in limine, correct? Yes. And those are, by definition, interlocutory orders, right? Yes. And the judge, whether it be the same trial judge or a later trial judge, can change his mind any time, and you can always ask him to change your mind any time until a trial is over, can't you? I think you could ask a judge if there's new information to change his mind. But on orders regarding, that are appealable under 604, I believe that there's a 30-day limitation. Don't forget, our client is sitting in jail. They filed this late. There's certain quid pro quo for the state's right to take an interlocutory appeal, and that is that they have to be timely. The state's right for interlocutory appeal is under Rule 604. Right. That's the only place you find it. Right. But that says they've got to be timely. They've got to be timely, because the defendant, if they take that appeal, is giving up certain rights. Here they came in, and they did this days before trial, three or four days before we were going to trial. They all of a sudden come up with all of this long after the ruling, after they had answered ready five times. We're not ready to go to trial. Judge, we're ready. Rack them up. But hypothetically, if this appeal were dismissed for lack of jurisdiction, there's no law at all to stop the prosecution from going back into the judge and saying, Judge, come on, change your mind. We want to take another run at this. Or for that matter, the judge could change his mind sui sponte without anybody asking him to do it and say, You know, I look at these rulings, I'm going to change them. The judge could, and there's also, well, that judge won't because he retired. Yeah. But there's also, which is also another reason I think there was an appeal here, there's also the new rule of evidence, which you raised earlier, which also changes it. And that needs to be sorted out. What is it going to be now? Is it going to be the statute that they wrote? Is it going to be the common law? Is it going to be the rule of evidence that applies? And if it's the rule of evidence, we're going to take another run at it, and we're going to say that under the rule of evidence and the common law, you can't have any of these statements. Well, 804B, I think it's 4, it's a forfeiture by wrongdoing rule. Yes. Okay, 101 answers the question you just posed. It says that there's a conflict between a statute and a rule here on a Supreme Court opinion. The Supreme Court's rule and opinion are authoritative, correct? Right, that is what it says. But we now have to look at it and revisit issues in the trial court now based upon the common law and things that weren't raised, quite frankly. I wasn't involved at that point. Some other lawyers were, and then the lawyers that are involved now. But some things weren't raised in the trial court. Some arguments weren't spelled out in the trial court. But you're not talking about forfeiture by wrongdoing. Now you're talking about different rules of evidence that weren't raised, and that's not before us. Some forfeiture arguments, too, weren't raised. But that is not before you, fortunately. Thank you. You may proceed, counsel. May it please the court. Ironically, I'm in a unique position here. I'm the person who wrote the statute. Additionally, I had a conversation with State's Attorney Joseph Burkett regarding the Hanson case, where I declined prosecution of two of the homicides that happened in Will County so he could prosecute the entire case, which triggered the role of Judge Robert Anderson, who I've not met but would like to meet, because he weathered a sea of differing opinions as to what forfeiture by wrongdoing was when there really wasn't any solid guidance in Illinois. And he made a decision in the Hanson case, which the Supreme Court now has memorialized. And, yeah, there's new law. Left unsettling Steckley. We now find that forfeiture by wrongdoing is a hearsay exception, and the confrontation clause is not triggered because there's no requirement of reliability. They also say that non-testimonial evidence is relevant and to be considered. In Steckley, they only talked about testimonial evidence, and there's always been a tailing of reliability with regards to testimonial evidence, not so with non-testimonial. We now know the burden of proof, preponderance of the evidence. We now know the intent to silence. Now, I flew out to Washington and watched the arguments in guise, and if you read the defense brief, they completely misrepresent the holding in that case. The gravamen of that case is Judge Scalia found that this was something that was around at the time of the framers and that you have to prove the specific intent to silence in order to get the equitable forfeiture. They vacated the murder conviction and sent it back for a hearing, and if they find in that hearing that he intended to silence the victim, then her statements will be admissible in the subsequent murder trial. That's quite different than the picture that is being painted by the defense. They mention 804B6 in their motion, and they completely misstate what that stands for also. So it's a much broader rule, as the Court knows, and now it's the law in Illinois as of January 1st, and it should have retroactive application. It's a procedural rule of evidence, and certainly we will try to take advantage of that when the time comes. Why would it need to be retroactive if the trial hasn't occurred yet, if it's a procedural rule? You don't need retroactive application, do you? Well, I meant as of the time of the occurrence, though, because that was one of the issues we're facing in our case, is that new rules of evidence that allow additional evidence, as long as you don't change the burden of proof or the punishment, you're okay. What we're asking for here is for this Court to look at the statements. Hanson says the forfeiture by wrongdoing has been the law of our hearsay exception, don't they? Well, but they make specific findings, Judge. They say left unsaid and speckly, and speckly was basically our bellwether. It didn't tell us a whole lot. I remember arguing with one of my assistants about what's testimonial and what's non-testimonial. I challenged the Court to find a specific definition. I mean, testimonial is in anticipation of litigation. That's one definition that we've seen out there, but there's others. But you didn't motion to reconsider when you had clearly exclusion of testimonial. With regards to that, Judge, the issue was brought before Judge White by the defense counsel. He initially said we didn't ask for it, and then he made the comment, the statute trumps the common law. I'm not making a decision on that. That's basically the record. But you had common law there that arguably on confrontational grounds, you could have forced the trial court to reconsider under those grounds. But there was, again, he made that futile when he said the statute trumps the common law. But that way you preserve an appeal, don't you? Pardon me? You preserve an appeal, don't you? Yes, but I believe in this particular case that this change in the law amounts to a change in facts as far as jurisdictional issues go. But Hansen didn't change the law in regard to confrontational testimonial statements. No, not testimony. That's what you had excluded. Well, yes, it did, Judge. Respectfully, Judge, it did. If you look at the things that Steckley solidifies for us, we didn't know under Steckley what the burden of proof would be, the preponderance. Obviously, the Supreme Court has now adopted that. They clearly say that Steckley didn't say it was a hearsay exception or that the confrontation clause wouldn't be triggered. That's huge. I mean, we were, you know, I tried to craft a law that was as fair as possible under what we knew, and we put in paragraph G. And if you look at the brief from the defense, you will not see a mention of paragraph G. Justice Smith, you mentioned that. The legislature specifically stated its intent that they were not going to abrogate the existing common law. That was critical, and that is what the legislature has a right to do, and they did it as plainly and clearly. And you've got to laugh when you see they list all the ways that you interpret a statute. Well, if you do that and you read paragraph G, game over. I think it's clear. With regards to this case, Judge, we're not asking the issue of admissibility. We're asking you to hold that these are exceptions to the hearsay rule, not that they're going to be admissible at trial. That's something else. That's another challenge we have to face. But what we're saying here is this finding of reliability was not necessary and that these statements should be an exception to the hearsay rule under the forfeiture by wrongdoing theory, and then it's up to us to prove they're probative and relevant at trial and go forward. Under the other wrong evidence and so forth in the second issue that you have and the standard is abuse of discretion, how can a court say that's an abuse of discretion? Judge, if you look at the record, the judge basically didn't let my assistant argue her case, cite her theory, argue her cases. He made a comment about, you know, I've read those cases and, you know, that's too old. We had a case right on point. It was 20 years since the time. Certainly that was admissible. Also, he said it doesn't apply when it's a different victim. Wrong. There's case law clearly on that point, so there's a clear misstatement of the law in his decision on the record, and we would ask the court to consider that in deciding whether there's an abuse of discretion. Would you, again, these are motions in the limit. I just want to be clear. You guys agreed that there's nothing, because these are interlocutory orders, you can argue the admissibility of evidence up until, no matter what we do, up until through the trial until the judge says I'm not going to hear anymore. Yes, Judge, but one of the reasons I wrote the statute, and that's why I mentioned Judge Robert Anderson. I don't think there was another judge in the state of Illinois that made a ruling on the common law. We wrote the statute to give the circuit trial judges who have a difficult job something solid to hang on to when they're facing this common law doctrine, but we also knew that we weren't going to be 100% on our statutory language. That's why we put it in Section G, to cover any changes in the law, and with Giles and with Hanson, this law has metamorphosized tremendously, and it clearly, you know, I think it's very clear in Illinois what the law is now in light of Hanson. What do you want to hang on to now, the common law or the statute? Judge, I believe that the Supreme Court rule that went into effect January 1st is what I'm going to hang on to, and that's 804B. Thank you. Thank you. Thank you. This court will take this case under advisement.